# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAMIEN COLE RULEY**, | ) |
| Plaintiff, | ) Case No. 7:21CV00371 |
| v. | ) **OPINION** |
| **CPL. BOYD, ET AL.**, | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Damien Cole Ruley, Pro Se Plaintiff.*

The plaintiff, Damien Cole Ruley, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail official's threats made him feel unsafe. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

At the time the § 1983 claims arose, Ruley was confined at the Amherst County Adult Detention Center ("ACADC"). In his § 1983 Complaint, Ruley sues ACADC and "Cpl. Boyd," an officer at that facility. His allegations are brief:

> Officer Cpl. Boyd called me names made threat[e]ning statements and rude comments to me while at the hospital after I told higher up I feared for my life because of things and actions she first made towards me. On or around Christmas 2020.

Compl. 2, ECF No. 1. As relief, Ruley seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Allegations of verbal abuse and harassment by jail officials, without more, do not state any constitutional claim. *Henslee v. Lewis*, 153 Fed. App'x 178, 180 (4th Cir. 2005) (unpublished) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.) ("Words by themselves do not state a constitutional claim, without regard to their nature."), *aff'd*, 917 F.2d 1302 (4th Cir. 1990) (unpublished). At most, Ruley alleges that the defendant official made verbal comments that disturbed him. He does not state what these comments were or suggest that the defendant took any particular action suggesting that Ruley had a factual basis on which to fear for his safety. I simply cannot find that Ruley's allegations state any viable constitutional claim actionable under § 1983.

For the stated reasons, I will summarily dismiss Ruley's § 1983 action without prejudice, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief could be granted. Such a dismissal leaves him free to refile his claims in a new and separate civil action, if he can correct the deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED: November 1, 2021

/s/  JAMES P. JONES
Senior United States District Judge